UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERICKA USAND-GUILLARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-2780** |
| **ICF INTERNATIONAL, INC., ET AL** | **SECTION "K"(1)** |

## ORDER

L.R. 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the date set for hearing of the motion. No memorandum in opposition to the "Motion for Summary Judgment" filed on behalf of defendant Shaw Environmental & Infrastructure, Inc. (Doc. 82), set for hearing on October 28, 2009, has been timely submitted.

Accordingly, this motion is deemed to be unopposed, and further, it appearing to the Court that the motion has merit,

**IT IS ORDERED** that the motion is **GRANTED**.

A motion for reconsideration of this order based on the appropriate Federal Rule of Civil Procedure, if any, must be filed within thirty (30) days. The motion must be accompanied by an opposition memorandum to the original motion. Because such a motion would not have been necessary had a timely opposition memorandum been filed, the cost incurred in connection with the motion, including attorney's fees, will be assessed against the party moving for reconsideration. See Fed. R. Civ. P. 16, 83. A statement of costs conforming to L.R. 54.3 shall be submitted by all parties desiring to be awarded costs and attorney's fees no later than eight (8) days prior to the hearing of the motion for reconsideration.

Moreover, the Court notes that the defendant seeks summary judgment in part based on the doctrine of judicial estoppel because plaintiff failed to amend her Chapter 13 bankruptcy schedules to include the discrimination charges she filed with the EEOC. Judicial estoppel precludes plaintiff from personally pursuing the discrimination claims that form the basis of this suit. *Kamont v. West*, 83 Fed. Appx 1 (5th Cir. 2003). However, judicial estoppel would not preclude the trustee in Ms. Usand-Guillard's case from pursuing her claims. *See Kane v. National Union fire Insurance Company*, 535 F.3d 380, 385 (5th Cir. 2008). Therefore, should plaintiff wish to pursue a motion for reconsideration, she will have to contemporaneously file a motion to reopen her bankruptcy case and move to substitute the bankruptcy trustee as the proper party plaintiff in this case.

New Orleans, Louisiana, this 3rd day of November, 2009.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE